NITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ABDULLAH ABDUL HAQQ,<br><br>                    Plaintiff,<br><br>           -against-<br><br>CAPTAIN ANDERSON; POLICY ENFORCER K. SOSA #1325; POLICY ENFORCER LEE #193,<br><br>                    Defendant. | 20-CV-2406 (CM)<br><br>TRANSFER ORDER |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, a New York resident, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights in East Orange, New Jersey. For the following reasons, this action is transferred to the United States District Court for the District of New Jersey.

Under the general venue provision, a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled. 28 U.S.C. § 1391(c)(1).

Plaintiff alleges that on February 26, 2020, East Orange police officers, who are named as defendants in his complaint, stopped his car for no reason, detained him, ticketed him, and had his car towed. On March 5, 2020, when Plaintiff went to the East Orange Municipal Court in connection with those events, he learned that the matter had been dismissed. Plaintiff seeks money damages.

Because Plaintiff does not allege that any defendant resides in this district or that a substantial part of the events or omissions giving rise to his claim arose in this district, venue is not proper in this Court under § 1391(b). Plaintiff's claims arose in East Orange, New Jersey, which is in the District of New Jersey. *See* 28 U.S.C. § 110. Accordingly, venue lies in the District of New Jersey, 28 U.S.C. § 1391(b)(2), and this action is transferred to the United States District Court for the District of New Jersey, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Clerk of Court is further directed to transfer this action to the United States District Court for the District of New Jersey. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

SO ORDERED.

Dated:   April 10, 2020
         New York, New York

                                                  _____
                                                  COLLEEN McMAHON
                                                  Chief United States District Judge